IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>          Plaintiff,<br><br>     v.<br><br>J. LAMAR,<br><br>          Defendant. | No. C-13-4119 TEH (PR)<br><br>ORDER GRANTING PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME |

Plaintiff Ronald Lee Canada commenced this action when he filed a two-page letter with the Court on September 5, 2013, complaining of conditions at Pelican Bay State Prison (PBSP). Doc. #1. On the same day the letter was filed, the Clerk notified Plaintiff in writing that his action was deficient because he had neither paid the requisite $350.00 filing fee nor submitted a signed and completed court-approved in forma pauperis (IFP) application. Doc. #2. See 28 U.S.C. § 1915(a)(2). Plaintiff was advised that failure to file the requested items within twenty-eight (28) days would result in dismissal of the action. Doc. #2.

On October 7, 2013, Plaintiff filed a request for an extension of time to file his IFP application because he has been denied access to the law library. Doc. #3. The Court noted that access to the law library is not needed to file an IFP application;

1  it requires Plaintiff to complete a form pertaining to his financial
2  status accompanied by a certificate of funds in trust account
3  statement signed by an authorized prison officer and a copy of his
4  prisoner trust account statement showing transactions for the last
5  six months.  The Court granted Plaintiff an additional twenty-one
6  days from the date of the Order to file his completed IFP
7  application and prisoner trust account forms.
8          The Court also noted that Plaintiff's action was initiated
9  with a letter to the Court and informed Plaintiff that the Court
10 cannot act upon letters and that Plaintiff must file a complaint
11 using the Court's civil rights complaint form.  The Court granted
12 Plaintiff leave to file a complaint on the correct form also within
13 twenty-one days from the date of the Order.  The Court informed
14 Plaintiff that, if the complaint and the IFP application were not
15 filed within twenty-one days, the action will be dismissed without
16 prejudice for failure to prosecute.
17         On November 12, 2013, Plaintiff filed a letter requesting
18 another extension of time because the PBSP Trust Account Office does
19 not send the COF documents to him, but sends it to the PBSP law
20 library.  Plaintiff states that he has been denied access to the law
21 library and, thus, has not been able to send the documents to the
22 Court.
23         The Court notes that, even if Plaintiff has not been able
24 to obtain his COF documents, he may still file his complaint on the
25 proper civil rights complaint form and he may still complete the
26 financial part of the IFP application, and send them to the Court.
27
28                                  2

The Court has sent Plaintiff both forms to fill out. The Court also notes that, since Plaintiff has sent the letter indicating that he has not been able to obtain his COF documents from the PBSP Trust Account Office, he has been transferred to New Folsom State Prison in Sacramento. At this new prison, Plaintiff may have more success in obtaining his COF documents.

Therefore, in the interests of justice, the Court will grant Plaintiff another extension of time in which to file his complaint and IFP application. Plaintiff must file these documents within six weeks from the date of this Order. If Plaintiff does not file these documents within six weeks from the date of this Order, this action will be dismissed without prejudice.

The Clerk of the Court shall send to Plaintiff, at his new address, a copy of the Court's civil rights complaint form and an IFP application.

IT IS SO ORDERED.

DATED   1/6/14

THELTON E. HENDERSON
United States District Judge

N:\Docs\Dis for IFP Deficiencies\Canada 13-4119 eot.2wpd.wpd

3